■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDISON TAVERAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered August 19, 1989, convicting him of murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The People's witnesses, as well as the defendant's former girlfriend who was called as a defense witness, testified that the defendant pulled a gun from his trousers and shot the victim, Victor Vincente, from a distance of approximately six feet. The defendant also testified that he shot Vincente from that distance. The only issue, therefore, was whether the defendant shot Vincente in self-defense. In this regard, the People's witnesses, who were with the decedent in a group, testified that none of them had any weapon at the time of the incident which resulted in the shooting. The defendant's former girlfriend also testified that she did not see any of the members of the group holding anything. Specifically, she testified that she did not see Vincente holding a gun or anything in his hands as he approached the defendant. Only the defendant testified that he observed Vincente pulling a gun with a brown handle from his pocket.

Thus, the issue became one of credibility, which the jury resolved in favor of the prosecution. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.